IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERBER LIFE INSURANCE COMPANY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-02842-PX |
| OUSMANE CAMARA, *et al.*, | * | |
| Defendants. | * | |

***

# MEMORANDUM

Pending in this interpleader action is Plaintiff Gerber Life Insurance Company ("Gerber Life")'s motion for discharge in interpleader. ECF No. 11. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Gerber Life's motion is GRANTED.

In March 2016, Arabia Camara purchased a life insurance policy from Gerber Life.[1] ECF No. 1-2. She named two of her three children—Ousmane Camara and Assetou Camara—as equal primary beneficiaries of the policy. *Id.* at 6; *see also* ECF No. 1 at 3. Arabia's other child, Nakany Camara, was not a beneficiary of the policy. *See* ECF No. 1-2. Arabia died on January 29, 2019. ECF No. 1-3 at 2. The proceeds from the Gerber Life policy, at that time, totaled $50,000.00. ECF No. 1-2 at 2. Thereafter, Ousmane pleaded "guilty but not criminally responsible" for the murder of Arabia.[2] ECF No. 11 at 2–3. Ousmane is now being held at the Clifton T. Perkins Hospital Center, a "maximum-security forensic psychiatric hospital" in

---

[1] Arabia Camara also purchased a life insurance policy from Fidelity & Guaranty Life Insurance Company that was subject to a separate interpleader action before this Court. *See Fid. & Guar. Life Ins. Co. v. Camara*, No. 20-00706-PX, 2021 WL 4169490 (D. Md. Sept. 14, 2021).

[2] The term "guilty but not criminally responsible" is Maryland's adaptation of the insanity defense. *See, e.g.*, *State v. Garnett*, 384 Md. 466 (2004).

Jessup, Maryland.  *See* ECF No. 11 at 8; *see also* Clifton T. Perkins Hospital Home Page, https://health.maryland.gov/perkins/Pages/home.aspx (last visited Sept. 7, 2021).

On September 30, 2020, Gerber Life filed this interpleader action because uncertainty surrounds whether Ousmane may receive his portion of the life insurance proceeds.  This is because Maryland's so-called "slayer statute" prohibits an individual from financially benefiting from the death of a decedent whom he feloniously and intentionally killed, but the statute is silent on whether the prohibition extends to an individual found not criminally responsible.  *See* Md. Code Ann., Est. & Trusts § 11-112.

Assetou and Nakany waived service, as did Lynn C. Boynton, the administrator of Arabia's estate.  ECF Nos. 7–9.  Ousmane was personally served at the Clifton T. Perkins Hospital Center.  ECF No. 10.  None of the defendants have responded or entered an appearance in this matter, and the time for doing so has long passed.  Because it was necessary for Gerber Life to deposit the insurance proceeds into the Court's Registry for this Court to obtain subject-matter jurisdiction over this action, the Court directed Gerber Life to do so in a letter order dated October 14, 2021.  ECF No. 14.  On October 25, 2021, Gerber Life provided confirmation that it had deposited the funds in the Court's Registry.  ECF No. 15.

A federal district court maintains subject-matter jurisdiction over an interpleader action pursuant either to Federal Rule of Civil Procedure 22 or 28 U.S.C. § 1335.  Courts have termed the former "rules interpleader" and the latter "statutory interpleader."  *See, e.g.*, *PNC Bank, N.A. v. Balsamo & Norino Properties, LLC*, No. RDB-20-2922, 2021 WL 2474398, at *3 (D. Md. June 16, 2021); *Mut. of Am. Life Ins. Co. v. Smith*, No. DKC 16-1125, 2018 WL 741684, at *1 (D. Md. Feb. 7, 2018).  All interpleader suits, however, proceed in two stages.  The Court must first determine whether the interpleader action is proper and, if so, next must determine who

among the interpleader parties receives the interpleaded funds.  *See Mfrs. & Traders Trust Co. v. Del Conca USA, Inc.*, No. GJH-16-3346, 2017 WL 3175567, at *2 (D. Md. July 25, 2017).  Gerber Life's motion concerns only the first phase—whether interpleader is proper.

A statutory interpleader is properly brought where (1) the stakeholder possesses a stake valued at $500.00 or more; (2) the stake is subject to at least two adverse claimants; (3) the adverse claimants are diverse in citizenship; (4) the stakeholder has deposited the stake in the Court's Registry; and (5) no equitable concerns prevent the use of interpleader.  *See* 28 U.S.C. § 1335(a); *see also AmGUARD Ins. Co. v. Ortiz*, No. 18-3885, 2020 WL 3971743, at *2 (D. Md. July 14, 2020).  When the Court is satisfied that an interpleader action may proceed, the Court may also dismiss the stakeholder from the action and discharge it of all liability related to the distribution of the proceeds.  *Metro. Life Ins. Co. v. Smith*, No. DKC 14-3697, 2016 WL 1460475, at *3 (D. Md. Apr. 14, 2016).

The Court agrees with Gerber Life that interpleader is warranted here.  As an initial matter, the relevant insurance policy is valued at more than $500.00 and remains subject to adverse claims by citizens of different states.  *See* ECF No. 1 at 2–3.  Additionally, the proceeds at issue have been deposited into the Court's Registry.  *See* ECF No. 15.  Lastly, the Court ascertains no equitable concerns preventing the use of interpleader because Gerber Life is a disinterested stakeholder that itself asserts no right to the life insurance proceeds.  The motion for interpleader and dismissal is therefore GRANTED.

A separate order follows.

November 8, 2021                                                                  /s/
Date                                                                                            Paula Xinis
                                                                                                  United States District Judge